COUNTY OF HENNEPIN *vs.* BROTHERHOOD OF THE CHURCH OF GETHSEMANE.

## March 22, 1881.

**Hospital — Public Charity — Exemption from Taxation.** — The defendant is owner of city lot 10, in Minneapolis, upon which is situated a building on which defendant has, for several years last past, maintained a hospital for the care of such as need the benefits of such an institution. This is known as the Cottage Hospital, and the public generally are entitled to enjoy its benefits, without regard to sex, race, or religious belief. Those who are cared for in the hospital, if pecuniarily able, are charged from two to six dollars per week, according to their ability. Such as are not able to pay are cared for without charge. Hennepin county is charged, for the care of such patients as are a legal county charge, six dollars per week. All income received from private and county patients is devoted to the maintenance of the hospital; and, besides, private contributions are necessary, and are bestowed, to maintain the same. City lots 8 and 9, which adjoin lot 10, and are in the same enclosure with it, are used as a vegetable garden, wood yard, etc., for the use and convenience of the hospital, no part of them being leased or otherwise used with a view to profit. *Held*, that the hospital is an institution of purely public charity, and that lots 8 and 9 are exempt from taxation as a part of the same.

Defendant, upon application being made to the district court for Hennepin county for judgment for taxes of 1878 against lots 8 and 9, described in the opinion, and of which it was the owner, appeared and filed its answer objecting to the same. The court, *Young*, J., presiding, having made findings of fact and law, ordered judgment for defendant. Thereupon, on motion of plaintiff, the proceedings were certified to this court under Gen. St. 1878, c. 11, § 80.

*W. E. Hale*, for plaintiff.

*George R. Robinson*, for defendant.

BERRY, J. The facts found by the district court are these: The defendant is, and for several years last past has been, a corporation under the laws of this state, and, as such, owner of lots 8 and 9, in block 212, in Nelson's addition to Minne-

apolis. Defendant is also owner of lot 10, in the same block, upon which is situated a building in which defendant has, for several years last past, maintained a hospital for the care of such as need the benefits of such an institution. This is known as the Cottage Hospital, and the public generally are entitled to enjoy its benefits, without regard to sex, race, or religious belief. Those who are cared for in the hospital, if pecuniarily able, are charged from two to six dollars per week, according to their ability. Such as are not able to pay are cared for without charge. Hennepin county is charged, for the care of such patients as are a legal county charge, six dollars per week. All income received from private and county patients is devoted to the maintenance of the hospital; and, besides, private contributions are necessary, and are bestowed, to maintain the same. Lots 8 and 9, above mentioned, which adjoin lot 10, and are in the same enclosure with it, are used as a vegetable garden, wood-yard, etc., for the use and convenience of the hospital. No part of them is leased or otherwise used with a view to profit.

Upon these facts the district court held, as matter of law, that lots 8 and 9 were exempt from taxation. We think this was right. Section 3, art. 9, of the constitution, declares that "public burying-grounds, public school-houses, public hospitals, academies, colleges, universities, and all seminaries of learning, all churches, church property used for religious purposes, and houses of worship, institutions of purely public charity, public property used exclusively for any public purpose, * * * shall, by general laws, be exempt from taxation." Gen. St. 1878, *c.* 11, § 5, provides that "all buildings belonging to institutions of purely public charity including public hospitals, together with the land actually occupied by such institutions, not leased or otherwise used with a view to profit," shall be exempt from taxation. Whether the Cottage Hospital is a "public hospital," within the meaning of the constitution, and therefore a proper subject of exemption by statute, we do not deem it necessary at this time.

to inquire. We have no doubt that it is an institution of purely public charity.

In legal parlance the word "charity" has a much wider signification than in common speech. But, without undertaking to give a general definition, it will be sufficient for all the purposes of this case to say that an institution established, maintained and operated for the purpose of taking care of the sick, without any profit, or view to profit, but at a loss which has to be made up by benevolent contribution, is a charity. If, in addition to this, the institution is one the benefits of which the public generally are entitled to enjoy, it is then a purely public charity—public, because, although not owned by the public, its uses and objects are public; purely public, because its uses and objects are wholly public, and for the benefit of the public generally, and in no sense private as being limited to particular individuals. The word "public" has two proper meanings. A thing may be said to be public when owned by the public, and also when its uses are public. The Cottage Hospital falls within this description of an institution of purely public charity. That patients who are able to pay are charged for hospital services according to their ability, and that the county pays for such services rendered to those who are a legal county charge, are facts of no importance upon the question as to the character of the institution as one of purely public charity; for the fact still remains, that, notwithstanding all receipts from such sources, the hospital is established, maintained and conducted without profit or a view to profit, and that, on the whole, it is operated at a loss, which is necessarily made up by private contributions.

Lots 8 and 9 are not occupied by the hospital building; they might be disposed of, and the hospital still remain. But they are used, and used directly and solely, for the purposes of the hospital, as a wood-yard and vegetable garden. In our opinion they may properly be regarded as a part of the "institution." That term comprehends not only

a building, and the ground covered by it, but adjacent ground which is reasonably necessary or appropriate to the purposes and objects in view, and which is used directly for the promotion and accomplishment of the same. If these were leased, and were sought to be exempted because the rents were applied to the payment of the expenses of the institution, a question would be presented which we are not now called upon to answer. In our opinion these lots 8 and 9 are exempt from taxation, and they were therefore improperly assessed and taxed. The order of the district court directing judgment setting aside the tax assessed thereon is accordingly affirmed.