COUNTY OF HENNEPIN *vs.* THOMAS L. GRACE.

April 26, 1881.

**Exemption from Taxation—Parochial Schools — Play-ground.** — A building which is devoted solely to the uses of a parochial school, where children of Catholic parents are received and instructed in such branches of education as are taught in the public common schools, and also in the tenets of the Catholic faith, no compensation being exacted therefor, and where children of parents holding other religious views are also' admitted upon equal terms, with the privilege, however, of receiving religious instruction or not, as such parents may choose, no pecuniary profit being contemplated or derived from the school, is exempt from taxation under article 9, § 3, of the constitution, and Gen. St. 1878, *c.* 11, § 5, passed in pursuance thereof. Such exemption extends to the land occupied by the school-house, and such contiguous land, used in connection therewith as a play-ground for the children, as is not unnecessarily large for that purpose.

**Same—Parsonage.**—A parsonage, including the land belonging to it, is not exempt from taxation as church property used for religious purposes; following on this point *St. Peter's Church* v. *County of Scott*, 12 Minn. 395.

Case certified from the district court for Hennepin county, under Gen. St. 1878, *c.* 11, § 80, on application of the plaintiff.

In proceedings to enforce payment of delinquent taxes on lots 1, 2, 3, 4, 5, 6 and 7, in Bottineau's addition to St. Anthony, in that county, Thomas L. Grace filed an answer, objecting that the property was exempt from taxation. The issue was tried by *Young*, J., who found that the defendant, as Roman Catholic bishop, owns and holds the property in

trust for the parish of St. Anthony of Padua, a parish of his diocese, and made further findings of fact as follows:

"Upon lots 8 and 9 in said block 8 is situated a school-house, where the children of the Catholic families of said parish attend, and are instructed in the branches of learning usually taught in the common schools of this state, and, in addition thereto, are given certain religous instruction peculiar to the Catholic faith. Said school is also open to all such children of families other than Roman Catholic as desire to attend, and are willing to conform to the rules of the school. The number of scholars attending said school is between 300 and 400 children. Children of non-Catholic parents are not required to receive religous instruction.

"Upon the rear of lots 4, 5, 6 and 7 is situated a dwelling-house, occupied by the Catholic priest of said parish as a residence, said dwelling-house occupying but a very small portion of said lots. Upon lots 8 and 9 in said block 8 is situated a church, regularly used by the parishioners of said parish as a house of public worship, which lots were not assessed. The balance of said block 8, not occupied by said church, school-house and dwelling-house, is used as play-ground for the children attending said school.

"Each scholar attending said school is expected to pay for tuition fifty cents per month, if able to do so; but none are refused admittance for non-payment of the same. The amount so received falls short of sustaining the school by about forty dollars per month, which deficiency is made up by said church organization, by pew-rent. None of said property is used with a view to profit."

As conclusions of law the court held that the school is an institution of purely public charity, within the meaning of the constitution; that all of the lots except that part of lots 4, 5, 6 and 7 occupied by the dwelling-house are actually occupied by the school, and are exempt from taxation; that so much of those lots as are occupied by the dwelling-house are

not exempt; but in the absence of evidence with regard to the parts or portions of such lots so occupied, the tax on each lot cannot be divided or apportioned, and the whole must, therefore, be set aside, leaving the parts of the lots which are taxable to be reassessed.

*W. E. Hale,* for plaintiff.

*Lochren, McNair & Gilfillan,* for defendant.

CORNELL, J.   Upon the findings of fact the dwelling-house, together with the land within the enclosure surrounding it, which was used and occupied as a place of residence for the parish priest, was clearly subject to taxation, under the authority of *St. Peter's Church* v. *County of Scott,* 12 Minn. 395.   The direct use made of the property was a secular, and not a religious one.   The fact that the priest who occupied it, and for whose occupation as a residence it was intended, devoted himself exclusively to the service of the church to which it belonged, whereby the religious interests of the church were subserved, did not change the character of the occupancy, or make the direct use of the property any the less a secular one.   The ruling upon this point in 12 Minn., *supra,* has been long acquiesced in and acted upon as settled law, and, in our opinion, no sufficient reason exists for changing it by judicial decision at this late day.

By the decision of the district court, the parochial school building, together with the land whereon it is situated, and the adjacent grounds used in connection therewith for a play-ground, is held to be exempt from taxation under section 3, article 9, of the constitution, and the statute enacted in pursuance thereof, (Gen. St. 1878, *c.* 11, § 5,) on the ground that the school itself is an institution of purely public charity within the meaning of that clause of the constitution, and that the land used for a play-ground is needed by the children for the beneficial enjoyment of the school, and is not unnecessarily large for that purpose.   The case cited and relied upon in support of this position (*Gerke* v. *Purcell,* 25 Ohio, 229) fully sustains the view thus taken by the court,

and justifies the legal conclusion it reached upon its findings of fact. The establishment and maintenance of a school of the character mentioned, out of revenues of the church, and the voluntary contributions of those of its patrons who are able and willing to give, no pecuniary profit being derived therefrom nor expected, the same being open upon equal terms to all children of Catholic parents belonging to the parish, and to all others living therein, of whatever religious belief, who may desire to avail themselves of the same, it being left optional with the latter to receive religious instruction or not, as their parents may choose, is, in the legal sense, not only a charity, but one wholly and entirely of a public nature, and therefore a purely public one. As such, the institution is not a proper subject of taxation, though it be conceded, as it seems to be by counsel, that it is not exempt as a seminary of learning, within the meaning of the constitution; and, under the statute, the building and land belonging to it, and essential to its beneficial use and enjoyment, are also exempt.

It may well be questioned, however, whether, in specifically enunciating as the subject of exemption "public school-houses, academies, colleges, universities, and all seminaries of learning," it was not intended to include in the last-named class all schools of an educational character not mentioned in the preceding part of the section. The word "seminary" has no fixed legal meaning. Abbott's Law Dict., "Seminary." It is defined by Webster to be "a place of training; institution of education; a school, academy, college or university, in which young persons are instructed in the several branches of learning which may qualify them for their future employments." The origin of the word would seem to imply the place where the seeds of an education are sown and implanted. It is neither a strained nor unnatural construction to hold that it was used in the clause under consideration in its broadest sense, to denote any and every place of training or institution of learning not already specifically named.

The school in question is not of the class of public schools.

which are required to be established, and which are provided for in the constitution, (article 8, §§ 1, 2, 3,) for it is not established by public authority, and the title to the property belonging to it is not vested in the public. A parish school building is not, therefore, a "public school-house" in the sense in which that phrase is used in section 3, article 9, of that instrument. It may, however, be regarded as a seminary of learning, inferior to an academy, college or university, but of like grade with the public common schools, and, like them, open to the public upon equal terms to all; and, as such, it is entitled, together with the necessary grounds used in connection with it, to the benefit of the exemption.

The questions certified to us were decided correctly by the district court, and its decision is accordingly affirmed.

GILFILLAN, C. J. I concur in the result in this case, but doubt that the school comes under the head of "public charities" in the constitution. It is, within the meaning of that instrument, a "seminary of learning," and as such exempt from taxation.