## THE PROTESTANT EPISCOPAL CHURCH OF THE PARISH OF ST. PHILIP v. PRIOLEAU, AS COUNTY AUDITOR.

TAXATION.—A PARSONAGE belonging to a church which the pastor rents, and collects and applies the rents to his salary or the rent of another residence, does not thereby lose its character as a parsonage, and is exempt from taxation under art. X., sec. 4, of the Constitution.

Petition for mandamus within the original jurisdiction of the Court as follows:

"The petition of 'The Protestant Episcopal Church of the Parish of St. Philip, in Charleston, in the State of South Carolina,' respectfully showeth:

"I. That your petitioner, 'The Protestant Episcopal Church of the Parish of St. Philip, in Charleston, in the State of South Carolina,' is a body politic and corporate, by virtue of and under an act of the General Assembly of the said State of South Carolina, ratified 20th December, 1791, and has been and is the owner of (*inter alia*) a lot of land and the building thereon, situate on the east side of Glebe street, between George and Wentworth streets, in the city of Charleston, in the county of Charleston and in the State of South Carolina, measuring about 100 feet by about 150 feet—being lot numbered 9 on the plan of the Glebe lands of St. Philip's, made by R. Q. Pinckney, surveyor, and of record at page 126 of plat book A No. 1, in the office of the register of mesne conveyances for the said county of Charleston—and known as Nos. 6 and 8 Glebe street. That the above named William H. Prioleau is the duly appointed, commissioned and qualified county auditor of the said county of Charleston.

"II. That the said lot of land was very many years ago set apart and the building thereon was originally erected as a parsonage, and that they have been ever known as 'St. Philip's Parsonage,' and ever exempted from taxation until the year 1898, when they were assessed and valued for taxation by the board of assessors on your petitioner's 'return' for that year (although stated by your petitioner in said 'return' to be exempt from taxation), and were thereupon placed by the county auditor on the tax duplicates of the said county of Charleston, and have since appeared on said duplicate and taxes have been charged and levied thereon by the county auditor from year to year.

"III. That your petitioner is advised that the said lot of land and the building thereon is exempt from taxation under sec. 4, of art. X., of the Constitution of the State of South Carolina, which said sec. 4 reads as follows: 'Sec. 4. There shall be exempt from taxation all county, township and municipal property used exclusively for public purposes and not for revenue, and the property of all schools, colleges and institutions of learning, all charitable institutions in the nature of asylums for the infirm, deaf and dumb, blind, idiotic and indigent persons, except where the profits of such institutions are applied to private uses; all public libraries, churches, parsonages and burying grounds; but property of associations and societies, although connected with charitable objects, shall not be exempt from State, county or municipal taxation: *Provided,* That as to real estate, this exemption shall not extend beyond the buildings and premises actually occupied by such schools, colleges, institutions of learning, asylums, libraries, churches, parsonages and burial grounds, although connected with charitable objects.'

"IV. That on or about the 9th day of March, 1899, your petitioner presented to the comptroller general of the State of South Carolina a petition setting forth the facts of the case and asking relief, as will fully appear by reference to the said petition hereunto annexed as part and parcel hereof, and to which reference is craved as often as may be neces-

sary; but that the said comptroller general, by and under the advice of the attorney general of the State, refused to grant the prayer of the said petition, which said advice of the attorney general is embodied in the letter, dated May 9th, 1899, hereto annexed as part and parcel hereof, and reference thereto is craved as often as may be necessary.

"V. That your petitioner has resorted to all the lawful means known to your petitioner to procure an exemption from taxation of the said lot of land and the building thereon, and is advised that there is no adequate remedy other than a writ of *mandamus* to procure such exemption.

"*Wherefore,* your petitioner, asking the aid of this honorable Court, prays that a writ of *mandamus* be issued, directed to the said county auditor, commanding him to correct your petitioner's said 'return' and also the said tax duplicates, either by striking therefrom and omitting altogether the said lot of land and the building thereon, or else by striking out the assessment and valuation of the same placed on the said 'return' and tax duplicates, and marking and declaring the same to be exempt from taxation. And that your petitioner may have such further or other relief, or both, as may be just and meet.

"And your petitioner will ever pray, and so forth."

*Mr. T. W. Bacot,* for petitioner.

*Mr. U. X. Gunter,* assistant attorney general, contra.

March    , 1902.    The opinion of the Court was delivered by

Mr. Justice Jones. This is an application in the original jurisdiction of this Court for a writ of mandamus to compel the county auditor of Charleston County to correct the tax duplicate, by striking therefrom the assessment of the lot in the city of Charleston known as St. Philip's parsonage, which it is claimed by petitioner is exempt from taxation under art. X., sec. 4, of the Constitution. The only

question in the case arising on demurrer to the petition which is reported herewith, is whether said property is exempt from taxation. It appears from the petition and exhibits that the lot and buildings claimed to be exempt from taxation is the property of "The Protestant Episcopal Church of the Parish of St. Philip, in Charleston, in the State of South Carolina," which was incorporated under an act approved December 20, 1791; that said lot and buildings thereon have constituted and have been known as the parsonage of said church for over one hundred years, and has never been taxed until the year 1898, when said property was placed on the tax books and taxes levied thereon, then and ever since; that said lot and buildings at the time of their assessment for taxation in 1898 were not actually occupied by the rector or parson of said church but were rented out, the rector or parson hiring another residence in a different locality for his personal convenience, and the rent derived from said parsonage was appropriated to the salary of the rector and so to the hiring of such other residence.

We are of the opinion, upon the facts stated, that said property is exempt from taxation. Art. X., sec. 4, of the Constitution, provides: "There shall be exempt from taxation * * * all * * * parsonages * * * *Provided,* That as to real estate this exemption shall not extend beyond the buildings and premises actually occupied by such * * * parsonages * * * although connected with charitable objects." The premises in question constituting and known as St. Philip's Church parsonage and being set apart for the actual use and occupancy of its parson, does not lose its character as a "parsonage" merely because the parson for his personal convenience should permit another to occupy said premises and use the rent thereof in procuring another more convenient residence. It does not appear that said premises used as a parsonage for over one hundred years has ceased to be such.

It is, therefore, the judgment of this Court, that the writ of mandamus issue as prayed for in this petition.