STATE v. ST. BARNABAS HOSPITAL.[1]

July 28, 1905.

Nos. 14,334—(21).

**Exemption from Taxation.**

Defendant, a charitable corporation, maintaining a hospital and owning a farm from which it derives an annual income applied to the relief of charity patients, but such farm not being a part of the curtilage of the hospital, or essential or necessary to operate the same, *held*, that it is not exempt from taxation as real estate under section 3, article 9, of the state constitution.

**Case Distinguished.**

State v. Bishop Seabury Mission, 90 Minn. 92, 96, distinguished.

[1] Reported in 104 N. W. 551.

In proceedings in the district court for Hennepin county to enforce payment of real estate taxes for the year 1902, defendant answered alleging that it was an institution of purely public charity; that the land in question was necessary to its support and therefore exempt from taxation under section 3, article 9, of the state constitution. The case was tried before Simpson, J., who found among other facts that the land was not adjacent to the hospital grounds of defendant and was used as a farm, and as conclusions of law that the land was not exempt and that the tax should be sustained. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*George S. Grimes,* for appellant.

The defendant is an institution of purely public charity within the meaning of the constitution, and, as such, all of its property is exempt from taxation. County of Nobles v. Hamline University, 46 Minn. 316; County of Hennepin v. Brotherhood of Gethsemane, 27 Minn. 46; Trustees v. City, 100 Ky. 470; Commonwealth v. Young Men's Christian Assn., 25 Ky. L. R. 940; Commonwealth v. Gray's Trustee, 25 Ky. L. R. 52; Asylum v. New Orleans, 105 U. S. 362; University v. People, 99 U. S. 309.

An endowment of an institution of purely public charity, invested in income producing real estate, is exempt from taxation; State v. Bishop Seabury Mission, 90 Minn. 92; State v. Cooley, 62 Minn. 183, 186; M. E. Church v. Hinton, 92 Tenn. 188; Sisters of Charity v. Township of Chatham, 52 N. J. L. 373; City v. Mary Baldwin Seminary, 99 Va. 653; Town of New Haven v. Board of Trustees, 59 Conn. 163; North St. Louis v. Hudson, 12 Mo. App. 342. Affirmed in 85 Mo. 32.

*Edward T. Young,* Attorney General, *Al. J. Smith,* County Attorney, and *W. C. Leary,* Assistant County Attorney, for the State.

LOVELY, J.

This is a proceeding to enforce the payment of taxes assessed for the year 1902, which were delinquent and unpaid on the first Monday of Jaunary, 1904. The defendant here claims.that the property was exempt under the provisions of section 3, article 9, of the state constitution. Plaintiff had judgment, from which the defendant appeals.

The short facts are as follows: Defendant is a corporation organized under and pursuant to the statutes of this state for charitable purposes. It has no capital stock, and conducts a hospital without any view to profit. It had acquired, previous to the assessment, by gift certain farming lands, which it rented, and derived an annual income therefrom of about $600. The purpose and practice of the institution, as expressed in its articles of incorporation, is to relieve the sick, wounded, and disabled, irrespective of sex, nationality, color, or religious creed, by providing a place for the care of such person, medical attendance, food, and clothing. It may also be stated that the lands and premises for more than four years previous to these proceedings have been a part of the endowment of the hospital, and are and can be used only for the support and care of charity patients, but were composed of farming lands separate from the curtilage of the institution, and not essential or necessary to the use of the same for hospital purposes.

It is claimed on behalf of the corporation that this farm, with its income, is exempt from taxation, under the section of the constitution referred to, which, after providing, among other things, that "laws shall be passed taxing all property and personal property according to its true money value," declares "that all institutions of purely public charity shall be exempt." The contention of defendant on this appeal is that such a construction should be given to the word "institution" in the organic law, and be held to apply not only to the buildings and adjacent portions of the land used directly for the realization of its specific and distinctive purposes as a hospital, but to all real property from which it derives an income to aid in extending the beneficent purposes of its organization.

While the question thus presented has not been directly passed upon by this court, yet it has been impliedly held at least that the constitution does not extend to real estate held by charitable institutions. In County of Hennepin v. Brotherhood of Church of Gethsemane, 27 Minn. 460, 8 N. W. 595, it was said that the word "institution" in the constitution comprehends not only a building and the ground covered by it, but adjacent ground which is reasonably necessary or proper to the purposes and object in view, and which is used directly for the promotion and accomplishment of the same, and for this reason the real estate, a part of the immediate grounds connected therewith, was held to be

exempt. In the recent case of State v. Bishop Seabury Mission, 90 Minn. 92, 96, 100, 95 N. W. 882, which was a proceeding to subject valuable endowments invested in farm mortgages, the income of which was devoted to the maintenance and support of a seminary of learning, it was held, upon a full and exhaustive review of our own decisions considered and referred to therein in the language of Justice Brown, that: If such fund had been invested in real property, the immunity from taxation would cease within the rule which we had already adopted, and upon considerations of public policy it was determined that, while this rule might be inconsistent, it harmonized with the best interests of institutions protected by the exemption provided for in the organic law. The distinction between real estate and personal property thus made in that case was essential to the determination reached therein that the endowment for charitable purposes was not the subject of taxation under the constitution, and the question raised on this review is not, therefore, to be regarded as a new one, but must be disposed of upon the rule of stare decisis, unless we are prepared to set aside our previously declared conclusions.

Judgment affirmed.