## STATE v. CHURCH OF INCARNATION.

### January 18, 1924.

### No. 23,693.

**Church parsonage exempt from taxation, when.**

> Under the Constitution as amended in 1906, a parsonage, owned and maintained by a church organization as a residence for its pastor free of charge. is exempt from taxation.

In proceedings in the district court for Hennepin county to enforce collection of delinquent taxes on real estate, defendant filed its answer that the property was exempt from taxation under the Constitution and the laws of the state. The matter was heard by Waite, J., who made findings that the parsonage was not exempt from general taxes and ordered judgment in favor of the state. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Joseph Cleary* and *Brady, Robertson & Bonner*, for appellant.

*Floyd B. Olson*, County Attorney, and *Frank J. Williams*, Assistant County Attorney, for respondent.

*L. O. Rue*, as amicus curiae, filed a brief for the Norwegian Lutheran Church of America.

*F. E. Clark*, as amicus curiae, filed a brief for Lynnhurst Congregational Church.

TAYLOR, C.

This is an appeal by defendant from a judgment entered in proceedings to enforce the collection of taxes against real estate. Defendant states in its brief:

[1]Reported in 196 N. W. 802.

"This appeal presents but one question, namely: Is land owned by a church used and occupied exclusively as a residence for its pastor and his assistants, who also teach in the parochial school, subject to taxation under the Constitution of the State of Minnesota as it now exists?"

Two other church organizations, of other denominations, owning similar property, have filed briefs in support of defendant's contention.

Defendant owns the four corners at the intersection of Pleasant avenue and Thirty-eighth street in the city of Minneapolis. On the southeast corner is the church edifice. On the northeast corner is the parochial school, a grade school accommodating between 600 and 700 pupils. On the northwest corner is the playground for the school. On the southwest corner is the residence for the teachers employed in the school and furnished them free of rent. Immediately adjoining the lots on which the church stands is the parsonage occupied by the pastor of the church and his two assistants and furnished them free of rent. The pastor has general supervision of the school, and he and his two assistants conduct classes, mainly on religious subjects, one or more hours each school day. The only property involved on this appeal is the two lots on which the parsonage is located, and the question presented is whether they are subject to taxation under the general tax laws. No question is raised as to whether they are or are not subject to special assessments.

Section 3, article 9, of the Constitution provided:

"Public school houses, public hospitals, academies, colleges, universities, and all seminaries of learning, all churches, church property used for religious purposes, and houses of worship, institutions of purely public charity, public property used exclusively for any public purpose   *   *   *   shall, by general laws, be exempt from taxation."

Pursuant to this mandate the legislature, by chapter 1, § 3, p. 13, Laws of 1860, enacted that:

"All public school houses, and houses used exclusively for public worship, the books and furniture therein, and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit. All public colleges, public academies, all buildings connected with the same, and all lands connected with public institutions of learning not used with a view to profit"

shall be exempt from taxation. The changes in this statute made by chapter 1, section 5, p. 19, Laws of 1878, are not important in the present case. It will be noted that the language of the statute restricts the exemption as to church property within narrower limits than the language of the Constitution.

In St. Peter's Church v. County of Scott, 12 Minn. 280 (395), decided in 1866, the court based its decision on the statute without mentioning the Constitution, and held that a parsonage, owned by the church and furnished to its pastor free of rent, was devoted to a secular rather than a religious use, and was not exempt because not used exclusively for public worship.

In County of Hennepin v. Grace, 27 Minn. 503, 8 N. W. 761, decided in 1881, the court, on authority of St. Peter's Church v. County of Scott, supra, held that a parsonage was not exempt. The court remarked that the direct use made of the property was a secular not a religious one, that the ruling in the St. Peter's Church case had been long acquiesced in, and that no sufficient reason existed for changing it by judicial decision at that late day.

In County of Ramsey v. Church of the Good Shepherd, 45 Minn. 229, 47 N. W. 783, decided in 1891, the court said that, the two cases above cited having decided that a parsonage was not exempt, the question is no longer open. The court also called attention to the rule that exemptions from taxation are strictly construed. The court further stated, in substance, that if the constitutional provision is self-executing, a question it did not decide, the result would still be the same, as the primary and chief use of the building was for secular purposes.

In Ramsey County v. Macalester College, 51 Minn. 437, 53 N. W. 704, 18 L. R. A. 278, decided in 1892, the court considered the

Constitution, the statute and the cases above cited, and held that buildings near the college building, owned by the college and furnished to its professors without charge, were exempt. The court distinguished this case from the preceding cases—from the first two on the ground that the question in those cases was whether a parsonage was included within the language of the statute, "houses used exclusively for public worship," and from the third on the ground that the question in that case was whether a parsonage was included within the language of the Constitution; "Church property used for religious purposes." And the court took occasion to say that the decisions in those cases might have been different if the language in respect to church property had been the same as it is in respect to colleges and institutions of learning.

In State v. Bishop Seabury Mission, 90 Minn. 92, 95 N. W. 882, decided in 1903, the court considered the Constitution, the statutes and the previous cases, and held that the constitutional provision is self-executing; that the Constitution creates the exemption and that statutes can neither add to nor take from it. After reviewing the cases including many not herein cited, and the history of the provision creating the exemption, the court held that the endowment fund of the seminary of learning maintained by the defendant was exempt.

These decisions established the rule that a house owned by a church organization and furnished without charge to its pastor for a residence was not within the exemption relating to church property; but that a house owned by a college or seminary of learning and furnished without charge to a professor for a residence was within the exemption relating to institutions of learning. And the court had intimated that if the provision relating to churches had been the same as the provision relating to institutions of learning, church parsonages would have been exempt.

This was the situation which existed at the time the Constitution was amended in 1906. As amended the provision here in question reads:

"Public school houses, public hospitals, academies, colleges, universities, and all seminaries of learning, all churches, church prop-

erty, and houses of worship, institutions of purely public charity, and public property used exclusively for any public purpose, shall be exempt from taxation." [Laws 1907, p. IX]

It will be noted that two changes and only two were made in this provision. The provision as it now stands declares that the property specified "shall be exempt from taxation." The former provision declared that the property specified " shall, by general laws, be exempt from taxation." The words "by general laws" are eliminated, and eliminating them makes it clear that the provision is intended to be self-executing. The language of the present provision relating to churches is: "All churches, church property, and houses of worship." The language of the former provision relating to churches was: "All churches, church property used for religious purposes, and houses of worship." The words "used for religious purposes" have been eliminated, so that the language relating to churches is now as broad as that relating to institutions of learning.

The omission of these words cannot be deemed to have been inadvertent or without a purpose in an instrument prepared with the care exercised by the legislature when it frames a provision which it proposes to the people for adoption as an amendment to the Constitution. In view of the situation which existed at the time this amendment was adopted, and which must be deemed to have been in mind in framing and adopting it, we have no doubt that the purpose in eliminating those words was to remove the restriction which they had been construed as placing on the exemption granted to churches, and to make the rule applied in respect to the property of institutions of learning applicable in respect to the property of churches to the extent of exempting a parsonage owned and maintained by a church organization as a residence for its pastor. In State v. Carleton College, 154 Minn. 280, 191 N. W. 400, attention is called to the fact that the decisions holding that a parsonage was not exempt were based on the wording of the Constitution as it existed prior to the amendment of 1906.

The taxing officials, under advice from the attorney general's office, took the position that the former rule still remained in force not-

withstanding the amendment, and continued to tax parsonages. This is the first time that that ruling has been questioned in a case which has reached this court. The learned trial court felt constrained to follow the practical construction given the amendment as evidenced by the action of the taxing officials and the acquiescence of the public, but in a lucid and cogent memorandum pointed out that in his opinion that construction was not correct, and suggested that the language in State v. Carleton College, supra, warranted submitting the question to this court. The construction given a law by the officials charged with the duty of applying it, if acquiesced in for many years by the public, is entitled to much weight; but where, as here, no vested or property rights are involved, and the question is whether an illegal tax shall be enforced, we think that the fact that the tax has been exacted and paid during a number of years, should not be deemed conclusive, nor preclude those against whose property the tax is levied from objecting to a continuance of the exaction in the future.

We have reached the conclusion that the property in question is exempt, and the judgment appealed from is reversed and judgment will be entered discharging the property from the tax.