## RAMSEY COUNTY *vs.* PETER STRYKER.

Submitted on briefs Nov. 1, 1892. Decided Jan. 6, 1893.

**Private Seminaries Exempt from Taxation.**

1878 G. S. ch. 11, § 5, which in pursuance of the requirement of the constitution, exempts from taxation "all seminaries of learning, with the books and furniture therein, and grounds attached, * * * and not leased or otherwise used with a view of profit," includes seminaries for young ladies, erected by private persons, and supported by their patrons, and such exemption includes necessary furniture and apparatus.

**Not Leased or Used for Profit.**

The words "not leased or otherwise used with a view to profit," do not relate to revenues derived from the use of the seminary property for the legitimate purposes of an institution of learning, but to its use for other purposes.

**Private Ownership Immaterial.**

Nor is it material that the property is owned by a private individual, instead of being owned and controlled by a corporation or trustees, provided the institution is conducted by him, and the ownership and use of the property for school purposes are not separated.

In proceedings to obtain judgment against Peter Stryker for personal taxes, the District Court of Ramsey County, *Kelly*, J., gave judgment February 2, 1892, sustaining the tax levy.

The defendant Peter Stryker, by his answer stated, that at the time of the assessment and levy of the tax, he owned and used the personal property sought to be taxed, exclusively for the conduct and maintenance of a seminary of learning called Stryker Seminary, and that it was exempt from taxation.

The point raised was, in the opinion of the trial court, of great public importance and liable to arise frequently; and on application of the defendant, that court on February 2, 1892, made a statement of the facts established bearing upon the point of its decision and transmitted it to this court.

*Stryker & Moore*, for Peter Stryker.

*Thomas D. O'Brien*, for Ramsey County.

VANDERBURGH, J. This is a proceeding to enforce the collection of a tax upon certain personal property of Stryker Seminary.

The assessment was made upon the same as the property of the seminary, and, upon being returned as delinquent, the usual citation was issued, in response to which one Peter Stryker appeared and made answer; and thereupon an agreed statement of facts was submitted to the court for its decision, and thereafter, upon due consideration had, the court determined that the property was not exempt, and ordered judgment for the amount of the tax accordingly.

It appears that Stryker Seminary is owned by Peter Stryker, and conducted under his supervision. By the stipulation it also appears that he had bought a lot or plat of ground suitable for the purpose, and erected thereon a building which is particularly designed and arranged for the use of a seminary or school for girls and young ladies; that the said seminary or school building was, at the time of the levy of the tax aforesaid, completely furnished with all the essentials for the conduct of said institution, consisting, among other things, of pianos, charts, blackboards, books, desks, and models of various kinds, and that said furniture, together with a horse, cow, and other personal property, necessary for the administration of said seminary, are the items upon which said tax was assessed: that the aforesaid building, and much of the property upon which said tax was assessed, cannot be used to advantage for any other than school purposes; and that, since the completion of said building, it has, together with the land purchased as aforesaid, and all the said personal property, been *exclusively* used for the purposes of said seminary, save and except that said building has been occupied and used by the teachers and other employes engaged in conducting the said seminary, which

occupation and use have been essential to the proper management of said institution; that the said seminary is conducted with a view to profit, although the entire income of the same has heretofore been, and now is, devoted exclusively to the maintenance of said seminary.

The first question presented is whether the personal property, furniture, and equipment of a seminary of this character are exempt. The general proposition alone is discussed, and not whether some particular items of the property enumerated should be excluded from the list,—a matter which we will not, therefore, stop to consider.

By the ordinance of 1787 it was declared (article 3 :) "Religion, morality, and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall be forever encouraged." In recognition of this obligation, the legislature of the territory of Minnesota, by 1851 R. S. ch. 12, § 4, provided that "the personal property of all literary, benevolent, charitable, and scientific institutions incorporated within this territory, and such real estate belonging to such institutions as shall be actually occupied for the purposes for which they were incorporated," shall be exempt. The same policy is manifested by the Constitution, Art. 9, § 3, in which it is provided that "laws shall be passed taxing * * * all real and personal property; but public schoolhouses, academies, colleges, universities, and all seminaries of learning, * * * shall, by general laws, be exempt from taxation. * * *"

The existing general law on the subject, 1878 G. S. ch. 11, § 5, provides that "all public schoolhouses, academies, colleges, universities, and seminaries of learning, with the books and furniture therein, and the grounds attached to such buildings, necessary for their proper occupancy, use, and enjoyment, and not leased or otherwise used with a view to profit," shall be exempt. This statute, though not so carefully worded, must be construed in the light of the constitutional provision, and as intended to follow its directions. It includes "all seminaries of learning" open for the instruction of the young and the dissemination of knowledge. It is not necessary, to entitle a school to such exemption, that it shall belong to and be a part of the general educational system provided by the state, any more than the colleges and academies within its bounds, founded and sustained by private patron-

age. The character, objects, and benefits of such an institution are public in their nature, and fall within the intent and purposes of the exemption contemplated by the constitution. *Hennepin Co.* v. *Brotherhood of Gethsemane,* 27 Minn. 462, (8 N. W. Rep. 595;) *Hennepin Co.* v. *Grace,* 27 Minn. 503, (8 N. W. Rep. 761.) Again, it is just as reasonable and proper, and as fairly within the legislative intention, that the furniture and apparatus should be exempt as the building and necessary grounds attached; and such has always been the legislative and popular construction of the constitutional provision in question.

The words, "and not leased or otherwise used with a view to profit," are not in the constitutional provision, but appear in the legislative enactment, which more particularly defines the character and amount of property which such institutions should be entitled to hold exempt from taxation. In the first act under the constitution, (Laws 1860, c. 1, § 3, subd. 1,) the words quoted must be held to relate exclusively to the grounds attached to the exempt "public schoolhouses, and houses used exclusively for public worship." But whether, under the present statute, the limitation is applied to the grounds "attached" to the seminary building, or to the whole or any part of the seminary property, it manifestly refers to other uses of the property than the appropriation and operation of the same for the legitimate purposes of an institution of learning.

It was not contemplated by the framers of the constitutional or legislative provisions under consideration that the colleges or seminaries therein referred to should necessarily be conducted free of charge, or that the tuition or compensation received from their patrons might not exceed the expenses incurred in the operation or management of such institutions. That is a question of administration, with which they did not seek to interfere. The same rule must, we think, apply to the question of the private ownership and management of the seminary. It is a question of administration. It is doubtless the usual and better policy that such ownership and supervision should be confided to trustees. But whether such an institution be established by an individual, and conducted by him, or by a corporate body, provided the ownership and use of the property for

school purposes are not separated, is not material in considering this question of exemption. This distinction is illustrated by the case of *Hennepin Co.* v. *Bell*, 43 Minn. 344, (45 N. W. Rep. 615.)

Order reversed, and case remanded to district court of Ramsey county for further proceedings.

(Opinion published 53 N. W. Rep. 1133.)