THE STATE, THE ENGLEWOOD SCHOOL FOR BOYS, PROSE-CUTOR, PLAINTIFF IN ERROR, v. —— CHAMBERLAIN, ASSESSOR, ET AL., DEFENDANTS IN ERROR.

School-houses, unless rented by the owner, are not taxable.

On error to the Supreme Court. For opinion of Supreme Court, see 25 *Vroom* 549.

The prosecutor, in the year 1890, was incorporated for the purpose of establishing an institution for the promotion of learning, pursuant to a statute of this state. In its certificate its general purposes are described as follows, viz.: "To establish a school for the instruction of boys in English, classics and mathematics, sciences and other subjects usually taught in schools; to erect buildings for such schools, and furnish the same with apparatus, libraries and other furniture." After its incorporation it acquired title to a suitable lot of land of about five and a half acres, and erected a building thereon, the entire cost being about $15,000. The school was kept by one W. Wilberforce Smith, under an agreement with the corporation that he should, for a specified term, keep in said building a high school for boys, with a sufficient corps of teachers. It was not a free school. Smith was to receive the entire income of the school and apply it as follows: "Five hundred dollars thereof in payment of interest on mortgage on school premises, insurance, repairs, taxes and assessments, improvement of the property and books and apparatus for school purposes. The balance to be applied by Smith to pay assistants and employes, and provide all ordinary supplies needful in the care of the premises and management of the school, and to pay for his own services."

For the plaintiff in error, *George R. Dutton.*

*Contra, Raymond P. Wortendyke.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. These proceedings place before the court, for its consideration, an assessment of a county and township tax upon the school-house and lot connected therewith, the property of the prosecutor, "The Englewood School for Boys." It will be seen from the statement prefacing this opinion that this is a corporate body, erected by force of the statute of this state for the promotion of learning, and that, in pursuance of that object, having acquired the requisite land

and erected a building thereon, it had put them in the possession of a teacher for a term of years, under an agreement that he would establish and carry on therein a high school for boys, and would, from the income of such school, devote a specified sum in paying the interest of a small mortgage on the premises, for insurance and certain other designated expenses, the residue of such income to be applied to the payment of his own salary and that of his assistants. It will be perceived, therefore, that, in this transaction, what this corporation did, in substance, was to donate, for a certain period of time, the property in question to educational uses.

In the Supreme Court it was decided that such an appropriation of the premises did not exempt them from taxation, and in this conclusion we think there is manifest error. The language of the statute on the subject is neither ambiguous nor obscure. In the second section, describing the property that shall be exempt from taxation, it reads thus : "All colleges, academies or seminaries of learning, public libraries, schoolhouses, buildings erected and used for religious worship, and the land whereon the same are situate, necessary for the use and enjoyment thereof, not exceeding five acres of each one, the furniture thereof and the personal property used therein, &c., &c. ; provided, that no building so used, which may be rented for such purposes and rent received by the owner thereof, shall be exempted."

It is obvious that this provision, in express and clear terms, extends its protection against taxation over the lands now in question. By force of this law school-houses can no more be taxed than are colleges, academies or seminaries of learning. The present instance meets all the requirements of this exempting clause. The property is a school-house, and the "land whereon the same is situate" is "necessary to the use thereof," and the owner has not received any rent for it, but to the contrary the use of the property is a pure gift by the owner, the purpose being the promotion of learning in the neighborhood in which the school is established. The policy of the state as evidenced in this statute can, in none of its applications, be

.more signally promoted, as it would seem, than by giving it effect so as to relieve such benefactions as this from all public burden. For present purposes the legislative intent and the terms in which it is expressed, are, as we think, free from all uncertainty. This school-house and the land connected with it, to the extent of five acres, are not taxable.

In the Supreme Court it was thought the question thus decided was ruled by the case of *The State* v. *Ross,* 4 *Zab.* 497. But upon a more careful examination it will be found that such judgment is not pertinent. It was decided, as it was deemed, in accordance with the act of the 14th March, 1851, but this has been materially modified by the present act of the 11th April, 1866, and, unlike the present instance, that case presented the circumstance of the land that was taxed having been rented by the owner, so that if the facts of the reported case were now before this court, it would undoubtedly be held that the property was not exempted from taxation, and this by force of the proviso in our present law. This proviso was not in the act of 1851, but in its absence the court, by construction, concluded that land *rented* for school purposes was not exempted, although it must be confessed that the reasons assigned in the opinion for this result are strangely unsatisfactory. In fact, the result appears to have been the product of a misapprehension of a matter of fact. In the tax law of 1851 "school-houses," in express terms, were classed with "colleges, academies or seminaries of learning," and upon the class thus specified immunity from taxation was conferred; but the justice who prepared the opinion, in transcribing the clause, by an oversight omitted the item of school-houses, and it seems quite plain that the judicial construction was based on such incomplete and mutilated clause, for the *ratio decidendi* appears to have been that a school-house was not within the saving of the act, as "it is neither an academy nor a seminary of learning within its meaning." Such an argument has no intelligible application to a statutory clause embracing school-houses as well as academies and seminaries of learning, for in such a condition of

things all these institutions, admitting their differences, are placed upon precisely the same footing.

But without pursuing the subject, it is enough to say that the reported case differs, both with respect to its facts and the law to be construed, from that which is now before this court, and consequently is devoid of all controlling force.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Reed, Van Syckel, Bogert, Brown, Clement, Smith. 10.