No. 12,959.

Colorado Tax Commission *v.* Denver Bible Institute.
(30 P. [2d] 870)

Decided March 5, 1934.

Mr. Clarence L. Ireland, Attorney General, Mr. Fred A. Harrison, Deputy, Mr. E. J. Plunkett, Assistant, Mr. John C. Vivian, for plaintiff in error.

Mr. H. A. Davis, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE Colorado Tax Commission brings here for review a judgment which was entered by the district court in favor of the Denver Bible Institute when the commission stood upon the general demurrer interposed by it to the institute's complaint and overruled by the court. The judgment orders a refund of 1929 taxes and the striking of the institute's property from the tax roll.

The case involves a claim of exemption from taxes.

In its complaint the institute alleges that it is a corporation not for profit, organized "to establish and maintain a bible institute for the instruction and training of Christian men and women in the knowledge of the Word of God, and in effective service for Christ; to conduct evangelistic services and extension work, consisting of institutes, bible classes, neighborhood visitations, colportage and publication work; to possess, purchase and maintain a building, or buildings, house or houses, for religious worship; to erect and maintain buildings for the purposes of assembly and instruction, and for the residence, occupancy and accommodation of the officers and employees of said Institute and of ministers, instructors, students, and all persons in anywise received into, sympathetic with, employed by, or associated with, or in said Institute or in its work of ministrations, or in anywise in connection with the carrying out of the objects and purposes of this corporation; to acquire, own, hold, use and enjoy any and all of the property, both real and personal, owned or held by said corporation." The complaint further alleges that the institute purchased certain specified real estate in Jefferson county, Colorado, to carry out its corporate purposes, including a certain tract used exclusively as a recreation resort for the teachers and students of said institute; that it proceeded at intervals

during the years 1928, 1929 and 1930, to improve its said real estate by erecting certain buildings thereon adapted to the uses, objects, and purposes aforesaid; that all said property has been used solely and exclusively for religious worship, for the aforesaid instruction and training of men and women, and for charitable purposes only, and absolutely without either private or public profit. The complaint also alleges the presentation on November 5, 1929, by the institute to the board of county commissioners of Jefferson county, of a petition which stated in substance the above related facts, and the alleged fact that taxes had been assessed against the institute's property for the years 1928 and 1929, and which prayed that the taxes so assessed be abated and the institute thereafter exempted from payment of taxes. Additional allegations of the complaint were that the petition was duly considered and approved by said board of county commissioners, and that about November 16, 1929, it was duly considered and approved by the Colorado Tax Commission, with the result that the property in question was exempted from taxation for the year 1929 and subsequent years; but that, pursuant to complaints made to the commission of this action, the commission held a hearing on November 24, 1930; and ''that at the time and place aforesaid, a full and complete statement was made to the Commission by representatives of The Denver Bible Institute, showing the use made during the year 1929 and up to and at the time of the said hearing of each and every parcel or purpart of the lands and improvements thereof erected, as listed and described in said petition, * * * and that no contradictory statements or evidence of any kind whatever were made or offered by any other person whomsoever as to the use and occupancy by the plaintiff of the said property, or any part thereof; that it was clearly shown by uncontradicted testimony and statements on behalf of the plaintiff that no profit whatever is realized by any person from the use of said property;

that the plaintiff herein is not in any way self-supporting, but relies almost entirely upon donations of its friends to carry on its work, and that such activities on its said lands as produce vegetables and other products from the soil, or milk or poultry, or a limited number of other animals, are carried on for the exclusive purpose of partly meeting the necessities of students, teachers, and the administrative force of the plaintiff and used on its said premises, and not for any commercial or profitable purpose.'' The complaint also alleges that on November 26, 1930, the commission made an order approving the original petition as to a certain 40-acre tract and improvements thereon, but denying the petition as to all other real estate and improvements therein described, and ordering the county treasurer to make an assessment accordingly for 1929, and ordering the county assessor to place the property on the tax rolls for 1930.

It is duly alleged that the institute paid the 1929 taxes as required by law before filing said complaint in appeal.

In subsequent paragraphs of the complaint the institute supports and elaborates upon its original allegations, emphasizing that its use of the property is without financial profit and is for purely religious, educational and charitable purposes.

The Constitution of Colorado, article X, section 5, and Compiled Laws 1921, section 7198, are invoked in support of the institute's claim of exemption.

■■ With the wisdom or unwisdom of provisions establishing tax exemptions, this court has, of course, nothing to do. It must deal with constitutional and statutory provisions as it finds them. In view of the facts alleged in the complaint, which the demurrer of the commission admits to be true, and in harmony with numerous decisions of this court, we must affirm the judgment. See *Kemp v. Pillar of Fire,* 94 Colo. 41, 27 P. (2d) 1036, and cases there cited.

■ The commission contends that the institute did

not resort to the proper remedy when it brought this action direct in the district court. It is argued that it was incumbent upon the institute to apply first to the county assessor as provided in Compiled Laws 1921, section 7291, and to proceed according to that section and section 7292. This issue is not before us. The demurrer here is a general demurrer, based upon the sixth of the grounds enumerated in Code, 1921, section 56 (Courtright's M. A. C. '33, §56), that is, insufficiency of facts to constitute a cause of action, and is not based upon the first ground, ibid., which relates to the jurisdiction of the court.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.