No. 13,650.

HORTON, COUNTY TREASURER ET AL. *v.* FOUNTAIN VALLEY SCHOOL.
(56 P. [2d] 933)

Decided April 6, 1936.

Mr. Paul P. Prosser, Attorney General, Mr. J. Glenn Donaldson, Assistant, Mr. George Gibson, for plaintiffs in error.

Messrs. Sherwin & Hungerford, Mr. Robert H. La-Grange, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The Fountain Valley School of Colorado is a corporation which was organized in 1929 under the Colorado laws governing such organizations for religious, educational and benevolent purposes. Its articles of incorporation disclose its purposes to be other than for pecuniary profit, the object being the maintenance of a school for boys and their preparation for college. To further the purposes, it may acquire suitable lands and erect thereon and equip, furnish and maintain all necessary and proper buildings for conducting the school. In 1930, it purchased a ranch containing about 1,600 acres, with buildings thereon, located eleven miles from Colorado Springs in El Paso county. About 75 acres of this land adjacent to the tract upon which the buildings are constructed is irrigated land, the residue being dry land. The taxing authorities of the county levied taxes against the entire property. These taxes for the years of 1931 and 1932 were not paid and at a tax sale held in due course, the

property was sold to the county. This suit was filed in the district court to enjoin the board of county commissioners from selling the tax certificates issued at the sale; the county treasurer from collecting further taxes; the county assessor from further assessing the property; and for such relief as would wholly exempt the property from taxation. This relief was sought upon the theory that the property was exempt under applicable constitutional provisions and statutes. The defendants, being the treasurer, assessor and board of county commissioners, answered, alleging in effect that the school and its property did not fall within the exemption, and denying it was not for pecuniary profit. The Colorado Tax Commission was permitted to intervene. The issue was submitted to the court, which found that the school was entitled to have 175.75 acres of its land with the improvements thereon exempted from taxation, but that the balance of its acreage was not exempt. It held that all acts of the officials in attempting to collect taxes on the exempt property were void, and that future similar acts should be enjoined. Judgment was entered on the findings, and the taxing authorities—board of county commissioners and the tax commission—appear here as plaintiffs in error seeking a reversal of that judgment. The school assigns cross-error on the finding and judgment holding the residue of its property taxable.

There is no dispute concerning the following facts: That the interests in this school corporation are represented by membership instead of stock certificates; that membership is held only by those having an altruistic interest in the particular line of education here attempted to be fostered; that no member has received any pecuniary benefit by reason of the membership; that the school, after deduction of teaching costs, interest and overhead expenses, has operated at a loss; that in the discretion of the master and directors, all of the land is used by the school and its students and is necessary for the accomplishment of the purposes conceived for this

particular kind of school; that it was designed and is used as a ranch school with the object of supplying the course of study to students who are able to pay a rather high tuition and who desire a location away from undesirable environments; that it was organized as a not for profit corporation, and that there is no showing that the terms of its charter have been violated in that respect; that the school has an enrollment of at least forty students who pay tuition.

The taxing authorities contend that the school has not by its pleadings, brought itself within the exempt class, in that it has not shown that a profit is not possible and ultimately likely, and they urge that the use of the residue of said lands, held by the trial court to be taxable, is so insignificant that such residue should not be exempted.

Part or all of the real property of this school is either exempt or taxable according to the application of the following constitutional or statutory provisions.

Section 5, article X, of the state Constitution provides: "Lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools, or for strictly charitable purposes, also cemeteries not used or held for private or corporate profit, shall be exempt from taxation, unless otherwise provided by general law."

Section 7198, Compiled Laws of 1921, being the tax exemption statute, provides in part: "Third. Grounds with the buildings thereon, if said buildings are used exclusively for schools, other than schools held or conducted for private or, corporate profit."

The above section was amended May 29, 1933, by chapter 158, Session Laws of 1933, and so far as the amendment relates to the question before us, it is as follows: "Third. Grounds with the buildings thereon, if said buildings are used exclusively for schools, other than schools held or conducted for private or corporate profit. A school within the meaning of this Act is hereby defined to mean an educational institution requiring daily attend-

ance, having a curriculum comparable to a grade, grammar school, junior high, high school or college or any combination thereof and having an enrollment of at least forty (40) students and charging a tuition fee.''

There is no contention that the school here concerned does not come within the above statutory definition, and the trial court apparently so found; also that acreage or grounds to the extent of approximately 175 acres were used in connection with the operation of the school and therefore exempt. In arriving at this conclusion, the trial court necessarily had to, and did, determine that the school was not held or conducted for private or corporate profit. On each of these questions the court's finding is amply supported by the evidence and therefore will not be disturbed.

Having affirmed the judgment of the trial court to this end, it is needless to discuss the question of the exemption or taxability of the residue of the land, other than to determine whether or not it is used in connection with the school as such. There is no constitutional limitation as to the number of lots that may be held by schools; neither is there any statutory limitation as to the extent of grounds, as such term is used in the statute, that may be used in connection with schools. The latter term means no more than ''lots'' could mean. In effect, ''lots'' have been defined to mean or include ''grounds,'' when the matter of exemption has been considered by this court in similar cases. *Kemp v. Pillar of Fire,* 94 Colo. 41, 27 P. (2d) 1036, and Colorado cases therein cited with approval.

As applied to the facts in the case before us, we find the following appropriate language in *Bishop, etc. v. Treasurer,* 29 Colo. 143, 68 Pac. 272: ''If the use of property utilized for a school is limited to that which is indispensable for this purpose, the extent to which institutions of this character are benefited by exemption from taxation is confined to the narrowest possible limits, and every use which could be dispensed with and yet permit

a school to be conducted which might be so termed in name, would subject the property so used to taxation. Such a construction would be too narrow, and fall far short of expressing the intent of the people and legislature with respect to schools. The fundamental object of the law was to exempt property used for school purposes from taxation. To carry out this design, the uses permissible must necessarily embrace all which are proper and appropriate to effect the objects of the institution claiming the benefits of the exemption.''

█ The extent of the exemption is rightfully determined by the uses made of the lots or grounds. Some school institutions might require but little for their particular uses while others would require a large acreage. It is undisputed that in founding this school an express purpose of the founders was to maintain a ''ranch school,'' not hampered by a narrowed space or adjoining enterprises inimical to the progress of the institution, and the object sought to be accomplished. It appears that the remaining 1,400 acres of land constituting the so-called residue is used as riding territory for students who are confined upon the institution's own property. That such an object is desirable, is supported by the fact that parents or those responsible for the students attending, seek out such advantages with a resulting enrollment. When so used, these grounds are a part of the entire school unit, and are necessary for the use adapted. Without these additional grounds, this particular object of the training would be greatly hampered. The Constitution and statutes mention no particular or specific character of use, and all requirements are met if a use is for the purposes fostered for exemption. The taxing authorities admit a use by contending that the use is insignificant. It is not for them to measure a use. Neither is it for them to conjecture whether or not the institution might at some time become a profit-making enterprise. It is not contended that it is such at this time, and the present use is all that is here

involved. The school, to obtain exemption for present use, was not required to allege further. If a pecuniary benefit is ever derived from a profit resulting from the operation of the school, a violation of its charter then would be imminent. Based upon use, as here made, we hold all of the real property involved to be exempt from taxation.

In accordance with these views, the judgment of the trial court is affirmed in so far as it exempts a portion of the property from taxation, and reversed as to the non-exemption applied to the residue of the real property involved. The trial court is directed to enter judgment exempting from taxation the residue of the property in accordance with the views herein expressed.

MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur for affirmance of the judgment in its entirety.

MR. JUSTICE YOUNG not participating.