## No. 14,102.

HANAGAN ET AL. *v.* ROCKY FORD KNIGHTS OF PYTHIAS
BUILDING ASSOCIATION.
(75 P. [2d] 780)

Decided January 10, 1938.

Mr. CHARLES E. SABIN, Mr. CLYDE T. DAVIS, for plaintiffs in error.

Messrs. PHELPS & GOBIN, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFFS in error are the taxing authorities of Otero county. The defendant in error is a holding company for Valley Lodge No. 98, Knights of Pythias, located in Rocky Ford, Colorado. Reference will be herein made to the parties as the taxing authorities and the association.

The association brought an action in the district court of Otero county against the taxing authorities to have certain lodge property adjudged exempt from taxation. Judgment was for the association and the taxing authorities bring the cause here by writ of error and ask that the judgment of the district court be reversed.

The association owns a two story building in Rocky Ford. The second story rooms of this building are used by the lodge and allied Pythian organizations for lodge purposes. The store rooms on the ground floor are rented and produce a revenue of approximately $200 a month. The taxing authorities assessed the property as if it consisted solely of a one story building comprising the store rooms located on the lot. The tax was paid under protest, the association claiming that the entire property was exempt under section 5, article 10 of the state Constitution and section 22, chapter 142, '35, C. S. A. The foregoing sections provide that lots with the buildings thereon, if said buildings are used for

strictly charitable purposes shall be exempt from general taxation.

The Pythian lodge and its allied organization owned practically all of the stock in the building association which charged no rent for use of the lodge rooms. The property in question was subject to a mortgage securing an indebtedness for the purchase price, the amount unpaid at the time of trial being approximately $5,500. The revenue from rentals was used principally toward retiring the indebtedness on the property.

The question of whether the lodge was a charitable organization was in issue under the pleadings. The evidence discloses that the charitable work of the lodge is not now as extensive as it was several years ago due to lack of funds. It further discloses that some charitable work still is carried on and that the lodge's objectives have not been changed but still are fraternal, recreational, benevolent and charitable in character. The trial court found that the lodge is a charitable organization and that the portion of the building used by it is devoted to charitable purposes. We cannot say there is no substantial evidence to support such a finding. *Horton v. Fountain Valley School,* 98 Colo. 480, 56 P. (2d) 933.

Except for the fact that the structure here concerned is a two story building only, this case differs in no essential particular from that of *Creel v. Masonic Ass'n,* 100 Colo. 281, 68 P. (2d) 23, which involved a five story office building. In that case no attempt had been made to value and tax separately that part of the property used solely for revenue producing purposes. In this case the taxing authorities attempted to make such separate valuation and assessment. On the basis of such assessment the association paid certain taxes under protest all of which, under the judgment of the trial court, was required to be returned to the association. It is necessary, therefore, that we consider whether a fair and equitable separate valuation and assessment of that

548

part of the property used solely for revenue producing purposes had been made in order to determine whether the judgment of the trial court ordering a return of all the taxes so paid under protest may stand in whole or in part.

■ As indicated by the statement of facts the taxing authorities place a valuation upon and assess the property as if it were a one story building standing on the lot, disregarding entirely the second story used for lodge purposes. It thus appears that the lot was assessed at one hundred per cent of its valuation. The exemption laws specify *"Lots with the buildings thereon."* If a certain proportionate part of a building is exempted under an equitable apportionment of its use as to charitable and non-charitable purposes, then a similar equitable apportionment as to charitable and non-charitable uses must be made as to the lot that supports it.

■ ■ We think the method used by the taxing authorities does not in this case provide for an equitable division of the real estate, consisting of the lot and building, for taxation and exemption purposes. The proportionate part of the building subject to exemption should be determined by the trial court under the evidence as it has been or shall be presented. It is necessary that this be determined as a proportionate part, rather than by the exclusion of the upper story of the building as exempt, because it is the ratio of the proportionate part of the building used for charitable purposes to the whole building which determines the proportion of the lot that is exempt from taxation, it not appearing in the record before us that any part of the lot is used for any purpose other than to support the building. The trial court has not determined such proportion. When the court has made such determination with respect to the building, the remainder is subject to taxation and the same proportionate part of the lot as of the building also should be taxed. The taxes on the lot and

building paid under protest should be divided in the same proportions as are the lot and building for purposes of taxation and exemption, and that part of the taxes so paid under protest, which would not have been required to be paid by the association if such division had been made at the time of the assessment, should be ordered returned to the association.

Our conclusion, therefore, is that the judgment of the lower court must be reversed because it exempts from taxation the entire building and lot upon which it stands, and erroneously permits the association to recover the whole amount of the taxes paid under protest.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Mr. Justice Hilliard, Mr. Justice Bouck and Mr. Justice Holland dissent.

Mr. Justice Bouck, dissenting.

I am constrained to dissent from so much of the majority opinion and decision as denies a part of the exemption claim here involved.

A dissenting opinion was filed by me in case No. 14,103, *Hanagan v. Grand Lodge Knights of Pythias,* decided simultaneously with the case at bar; and that opinion I adopted in the case at bar, by reference, to avoid unnecessary repetition. A rehearing has since been granted in the Grand Lodge case. This automatically withdrew my dissenting opinion there on file. It is therefore fitting that I should indicate the basis of my present dissent.

Section 1 of article XVIII in the Constitution of Colorado tersely says: "The general assembly shall pass liberal homestead and exemption laws." To that mandate the General Assembly has steadfastly rendered obedience.

The constitutional provision here involved was section 5 of article X, as it then appeared in C. L. '21, p. 59. It

declared: "Lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools, or for strictly charitable purposes, also cemeteries not used or held for private or corporate profit, shall be exempt from taxation, unless otherwise provided by general law." The General Assembly itself enacted appropriate legislation, for example '35 C. S. A., c. 142, §22. The meaning of these provisions is not obscure. Ever since Colorado attained statehood in 1876 this court has on many occasions interpreted them always in the spirit of liberality as originally declared, never until now along the line of narrow or strict construction. See especially *McGlone v. Baptist Church,* 97 Colo. 427, 50 P. (2d) 547, where the leading Colorado cases are analyzed. I shall not take the time to discuss them individually here.

*Creel v. Masonic Ass'n,* 100 Colo. 281, 68 P. (2d) 23, cited in the majority opinion as supporting the disposition made of the present case, is not analogous to it. The five-story building which was there involved included a single floor devoted to charitable purposes, the purely commercial uses made of the other four floors greatly predominating. Here, on the other hand, the building was small. Meetings of charitable organizations having a ritual, as for instance the Knights of Pythias (who appear here), the Masonic Order, the Knights of Columbus, and the like, are customarily held in the seclusion and privacy of an upper story. The erection of a two-story building by such a charitable organization would seem to be a reasonable method of securing the proper use of its realty, with full tax exemption when the incidental income from the ground floor is comparatively small and devoted altogether, as here, to charitable purposes. This is the inference we naturally draw from our own decisions such as *Kemp v. Pillar of Fire,* 94 Colo. 41, 27 P. (2d) 1036, followed in *Tax Com. v. Bible Institute,* 94 Colo. 402, 30 P. (2d) 870, in both of which cases the incidental income was not permitted to defeat the spirit of

our exemption laws. As regards the "equitable division" of the lot itself for taxing and exemption purposes, certainly the second story, employed here altogether for legitimate charitable purposes, required the entire lot for its support as surely as if it were the ground floor with nothing else in connection. I do not see why any portion of the lot should in these circumstances have been denied the exemption. If a less liberal interpretation is to be introduced I submit it can properly be done either by constitutional amendment or by express legislation, and not by this court. Until then we ought to consider ourselves bound by our own uniform holdings for over three score years. These holdings have governed our definition and application of exemptions. They have been acted upon accordingly. We ought to respect the findings of the trial court.

For the reasons stated I respectfully dissent.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur in this opinion.