367 P.2d 223

**VERDE VALLEY SCHOOL, a corporation,
Appellant,**

v.

**COUNTY OF YAVAPAI, State of Arizona,
a body politic and corporate, Appellee.**

No. 6807.

Supreme Court of Arizona,

En Banc.

Dec. 27, 1961.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellant.

James P. Boyle, Jr., former County Atty., Yavapai County, Prescott, for appellee.

UDALL, Justice.

Plaintiff Verde Valley School appeals from a Superior Court judgment denying plaintiff recovery of real property taxes paid under protest for the years 1953 and 1957 inclusive. The cause was submitted and judgment below rendered on an agreed statement of facts which are as follows.

Plaintiff, a nonprofit Arizona corporation with no capital stock, operates a private boarding school on land in Yavapai County. To this end it has constructed, furnished and now maintains thereon classrooms, dormitories, a library and other buildings incidental to its purposes. Plaintiff's charter precludes use of the property for other than education purposes and also declares that: "no dividend or pecuniary profit may be declared or paid to its members nor any part of its net earnings inure to the benefit of any member or individual." Because of its educational purpose and nonprofit character plaintiff enjoys an exemption from the Federal income tax.[1]

Students at the school (there were 90 in 1957) are charged $2,200 annually for room, board, tuition and other services. But this income, augmented by application fees and private contributions and depleted by scholarships, has never been sufficient to defray the operating costs in any year since the school was founded in 1948. (From 1948 to 1957 such losses totaled $452,035.74.)

■ That Article 9, section 2 of the Arizona Constitution, A.R.S., permits but does not require legislative exemption from taxation of nonprofit educational institutions is clear. For, the first two sentences thereof read as follows:

"There *shall* be exempt from taxation all federal, state, county and municipal property. Property of educational * * * institutions not used * * * for profit *may* be exempt from taxation by law * * *."[2] (Emphasis added.)

"And under this [section] the Legislature cannot grant more, but may give him much less than the exemption permitted by the Constitution." Conrad v. Maricopa County, 40 Ariz. 390, 393, 12 P.2d 613, 614 (1932). Accordingly, the legislature acted in 1913 to provide in what is now A.R.S. § 42–271 (3) (1956) for the exemption of:

"Public libraries, colleges, schoolhouses and other buildings used for education, with their furniture, libraries and equipment, and the lands appurtenant thereto and used therewith, as long as they are used for the pur-

1. Section 501(c) (3) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 501(c) (3), exempts from income taxation "corporations * * * organized and operated exclusively for * * * educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual * * *."

2. See State v. Yuma Irr. Dist., 55 Ariz. 178, 181, 99 P.2d 704, 705 (1940).

pose of education and not used or held for profit, *but when such property is private property from which a rent or valuable consideration is received for its use it shall be taxed as other property.*" [3] (Emphasis added.)

The question for decision, therefore, is whether a private, nonprofit educational institution, otherwise entitled to a real property tax exemption, is nevertheless disqualified by receipt of student tuition and fee charges (for room, board and other services) for the reason that such charges constitute "a rent or valuable consideration" within the meaning of A.R.S. § 42–271(3).

It is true, as defendant urges, "that laws exempting property from taxation are to be construed strictly" and that "the presumption is against the exemption, and every ambiguity in the statute will be construed against it." Conrad v. Maricopa County, 40 Ariz. at 393, 12 P.2d at 614.[4] But it is also true that it has always been the policy of this state to encourage the establishment of private educational institutions. And the principle of strict construction of exempting statutes should not be used to subvert that policy. Yale University v. Town of New Haven, 71 Conn. 316,

42 A. 87, 43 L.R.A. 490 (1899). Moreover, in this instance exemption of the plaintiff is called for by precedent as well as by a common sense interpretation of the statutory language.

It is generally held that an educational institution organized and operated on a nonprofit basis is not deprived of tax exemption by exacting tuition from its students. See, e. g., Kimberley School v. Town of Montclair, 2 N.J. 28, 65 A.2d 500 (1949); Assessors of Lancaster v. Perkins School, 323 Mass. 418, 82 N.E.2d 883 (1948). But such appellate pronouncements as these have usually been made in determining the question whether receipt of tuition, without more, indicates that an institution is on a profit making basis. In Arizona, however, the statute requires not only that an educational institution be operated on a nonprofit basis—this is admitted here—but also that no "rent or valuable consideration" be received for use of its property. On this point the few existing authorities support plaintiff's claim for exemption.

In Yale University v. Town of New Haven, 71 Conn. 316, 42 A. 87, 43 L.R.A. 490 (1899) student dormitories were held to have been improperly subjected to a local real property tax. In that connection the

---

3. Rev.Stat.1913, § 4846. This is the first case in which this court has construed the proviso that no "rent or valuable consideration" may be received for the use of land belonging to private educational institutions.

4. In Conrad a Masonic Lodge's claim that it was a charitable institution entitled to tax exemption was rejected on the ground that the Lodge's buildings themselves were not used for relief of the indigent or afflicted.

Supreme Court of Errors of Connecticut, per Hammersley, J., concluded that:

> "students' fees, whether apportioned to room rent or tuition, cannot be treated as income of real estate, and that land occupied and reasonably necessary for the plant of the college is not productive real estate, within the meaning of the *proviso* * * *." 71 Conn. at 337, 42 A. at 94.

And in State v. Chamberlain, 55 N.J.L. 292, 26 A. 913 (Ct.Err. & App.1893) the Englewood School for Boys, which charged tuition, was held exempt from real property tax in the face of a statute denying the exemption if "rent" was received for the use of such property.[5]

That private nonprofit schools are rarely if ever financed solely by private donations and contributions was known to the legislature in 1913. And it was never intended to allow the exemption in the first clause of Section 42–271(3) and then deny it (because of tuition receipts) in the proviso. Such a construction is unreasonable and would render the exempting provision nugatory save with respect to purely charitable institutions.[6] Significantly, the word "charitable" is nowhere used in subsection 3 of Section 42–271. Cf., Kimberley School v. Town of Montclair, 2 N.J. 28, 33–35, 65 A.2d 500, 502–503 (1949).

■■ We think the words "rent or valuable consideration" refer instead to income received by such institutions for nonschool purposes. Often an institution, though contemplating future expansion of its facilities,

5. Cf., Linton v. Lucy Cobb Institute, 117 Ga. 678, 45 S.E. 53 (1903); Brewer v. American Missionary Ass'n, 124 Ga. 490, 52 S.E. 804 (1905). In Linton the Georgia court remarked:

"The fees paid by students are not in the nature of rent for the use of the building. These fees are for instruction —for the time, labor, skill, and learning of professors. Buildings, apparatus, desks, blackboards, are necessary, but incidental, and nothing approaching a rent charge is made of those who gather in the halls to listen to the living voice of the teacher. It is for what he imparts that the student pays, and the fact that he teaches in a building is not to put the building to the purpose of corporate gain." [117 Ga. 678, 45 S.E. 55.]

6. Cf., State ex rel. Cunningham v. Board of Assessors, 52 La.Ann. 223, 226, 26 So. 872, 873–874 (1898) wherein the court stated:

"It was known to the framers of the constitution that in all schools and colleges, except the free schools, a charge is made for the instruction. Free schools established by the city or state, usually on public property, required no special exemption. If, therefore, it had been intended by the *proviso* to exclude from the exemption all colleges and schools that received pay for the education afforded, the exemption provision in the body of the article served no purpose."

See also Ramsey County v. Stryker, 52 Minn. 144, 147, 53 N.W. 1133, 1134 (1893) where the Minnesota court remarked:

"It was not contemplated by the framers of the constitutional or legislative provisions under consideration that the colleges or seminaries therein referred to should necessarily be conducted free of charge * * *."

rents or leases a portion of its then unnecessary property for commercial purposes. And, of course, such property enjoys no exemption from the real property tax. See the authorities collected in 64 Harv.L.Rev. at 296–298 (1950). On the other hand, the charges for room, board, etc., here complained of are but incidental to the nonprofit institution's educational purpose. Accordingly, we hold that the words "rent or valuable consideration" do not embrace tuition charges (whether or not apportioned to room, board and other services) received by private nonprofit educational institutions.

Nor is this conclusion altered by defendant's assertions that the tuition payments of necessity restrict admission to students of substantial means and that some or many of such students come from other states. There are no such restrictions or qualifications in and we will not read them into the statute in question. In District of Columbia v. Mt. Vernon Seminary, 69 App.D.C. 251, 100 F.2d 116 (1939) similar contentions made with reference to a private school for girls were rejected. Justice Miller speaking for the court observed:

"Appellant urges, also, that many students in attendance at appellee's seminary are nonresidents of the District of Columbia and, further, that appellee accepts as students only those whose social and financial standing is acceptable to it. However, it is difficult to see what bearing this could have upon the question presented for decision. There is no qualification, expressed or implied, in the statute favoring institutions which cater to all classes of persons or solely to residents of the District of Columbia. While tax exemption statutes should be strictly construed, that principle does not justify the interpolation of such qualifications into a statute, clear in its meaning, for the purpose of defeating the privilege granted.

"Perhaps it would be wiser for appellee to select its students on a basis of intelligence and previous training exclusively; perhaps not. But that is immaterial to a decision of the case. It is necessary in a democracy that all children, including those of the wealthy and the socially correct, shall be educated." 100 F.2d at 119.

We are in accord with this view. See also Forman Schools, Inc. v. Town of Litchfield, 134 Conn. 1, 8, 54 A.2d 710, 714 (1947); Horton v. Fountain Valley School of Colorado, 98 Colo. 480, 56 P.2d 933 (1936).

Since plaintiff is in all respects qualified for the exemption provided for in A.R.S. § 42–271(3), the trial court erred in denying the claim for recovery of taxes paid. Accordingly, the judgment is reversed with directions that judgment be entered for plaintiff for the amount stipulated as having been

paid under protest for the years 1953 to 1957 inclusive plus interest at the statutory rate.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD, J., concurring.

Note: Justice JENNINGS, having served in the lower court as presiding judge in this matter, did not participate in the determination of this appeal.