**VICTORY LUTHERAN CHURCH, Relator,**

v.

**COUNTY OF HENNEPIN, Respondent.**

No. C2–84–2244.

Supreme Court of Minnesota.

Aug. 23, 1985.

Brent W. Primus, Patrick R. Burns, Minneapolis, for relator.

Thomas L. Johnson, Hennepin Co. Atty., Joyce Y. Miyamoto, Asst. Co. Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

Victory Lutheran Church petitioned the Tax Court for review of the 1983 real estate tax assessment on a single family residence it owns at 4315 Thomas Avenue North in Minneapolis. The Tax Court determined that the property did not qualify for an exemption from taxation as church property under Minn.Stat. § 272.02, subd. 1(5) (1984). We reverse.

The issue of entitlement of church owned property to an exemption has infrequently been addressed by this court, but the test is whether the property is devoted to and reasonably necessary for the accomplishment of church purposes. *State v. Board of Foreign Missions of Augustana Synod*, 221 Minn. 536, 541, 22 N.W.2d 642, 645 (1946).

Upon the record before us, we conclude that the property is reasonably necessary to the accomplishment of church purposes and that the decision of the Tax Court to the contrary is without sufficient evidentiary support. The residence owned by Victory Lutheran is located on property immediately adjacent to the church sanctuary. Since its acquisition in 1964, the property has been used to house assistant pastors and youth directors and has been exempt from taxation. In 1982, the church decided that the congregation's needs would be best served by permitting a married couple to live in the home in exchange for their provision of custodial services to the church.

The couple pays no rent and occupies the residence pursuant to an oral agreement. Their proximity to the church enables them to fulfill many of the responsibilities for which they were hired, including light cleaning chores, providing access to the sanctuary and church offices, providing a measure of security for both the church and its members during evening hours, and keeping the church sidewalks free from snow and ice. Several items of church equipment and property are stored in the basement and garage of the residence.

Although our review of Tax Court decisions is limited, *Nagaraja v. Commissioner of Revenue*, 352 N.W.2d 373, 376 (Minn.1984), the record here requires the

conclusion that the subject property is exempt from taxation under Minn.Stat. § 272.02, subd. 1(5) (1984).

Reversed.