**CITY OF SPRINGFIELD, Relator,**

v.

**COMMISSIONER OF REVENUE and County of Brown, Respondents.**

**No. C9–85–856.**

Supreme Court of Minnesota.

Feb. 7, 1986.

Paul N. Muske, Springfield, for relator.

James W. Neher, Sp. Asst. Atty. Gen., St. Paul, for Comm. of Revenue.

R.T. Rodenberg, New Ulm, for Brown County.

SCOTT, Justice.

The City of Springfield seeks review of a Minnesota Tax Court decision holding that a medical clinic owned and operated by the city and used by physicians to provide medical services to the public on a fee-for-service basis was not exempt from real property taxes. We affirm.

In 1981, the board of the Springfield Community Hospital established a planning committee to explore methods of recruiting

general practitioners to the city of Springfield, a rural community located in southern Minnesota. During 1981, three physicians were practicing in the city, each in his own clinic. One of the physicians was well past retirement age, and the other two were in their mid-fifties. Attempts by at least two of the doctors to recruit younger physicians to join their respective practices had been unsuccessful.

In its report to the hospital board, the planning committee recommended that the hospital, which was owned and operated by the city, establish a municipal medical clinic, which would enable all of the local physicians to practice in one facility. The committee concluded that young physicians would be attracted to a medical practice established by the public hospital, which would incur the expenses of operating the clinic. The hospital board accepted the committee's recommendation and immediately negotiated with one of the local physicians who owned a clinic that was adjacent to the hospital. A referendum to increase the city's property tax mill rate in order to cover the cost of purchasing this clinic was held and passed overwhelmingly. The city signed, as vendee, a contract for deed for the purchase of the clinic and the surrounding property. Part of the property purchased was converted into a public park, which is exempt from real estate taxation as public property used exclusively for a public purpose.

The public hospital currently operates the municipal clinic. All of the clinic personnel are city employees. All the medical equipment located in the clinic is owned by the city, and the city conducts all repairs on the premises and refurbishes any equipment. The hospital administrator keeps the accounting books for the clinic, and city staff bill all the patients using the clinic. The hospital and the physicians annually agree on a schedule establishing the amount each physician charges for medical services at the clinic.

Pursuant to an agreement between the hospital and each physician practicing in the clinic, the hospital retains 40 percent of the gross accounts receivable generated by the practices and the physicians receive 60 percent of their practice's gross accounts receivable. The hospital absorbs any loss if the amount of the clinic's accounts receivable actually collected is less than the amount needed to meet operating costs. Any profits are retained by the hospital.

On April 16, 1983, the City of Springfield, pursuant to Minn.Stat. § 270.07, subd. 1 (1982), submitted an application for the abatement of property taxes assessed on the clinic for the year 1982. The Brown County Auditor and Board of Commissioners approved the abatement application and forwarded it to the Minnesota Commissioner of Revenue, who, under section 270.07, is afforded the power to grant or deny such applications. On June 8, 1983, the commissioner issued an order denying the city's application. The city filed a timely notice of appeal to the Minnesota Tax Court. It also filed with the tax court a petition for relief under Minn.Stat. § 278.01, subd. 1 (1982), for property taxes assessed in the year 1983. The parties stipulated that the court's findings regarding the Commissioner's denial of the abatement application for the 1982 taxes would apply to the assessment of 1983 taxes. Thus, the section 278.-01 petition was withdrawn.

The tax court held that the clinic was not used as a "public hospital," an express exemption from taxation under Minn.Stat. § 272.02, subd. 1 (1984). It also determined that, although public property, the clinic was not used exclusively for a public purpose because the physicians located in the clinic provided medical services to patients on a fee basis, not unlike doctors practicing medicine in a private clinic. The tax court stated:

> Doctors or medical clinics in many small cities in the state serve the same purpose as the subject clinic. Many, if not most of these clinics, are privately owned and are, of course, subject to taxation. It would hardly be fair for the doctors in those clinics to be paying real property taxes and to allow the doctors in this clinic to practice without similar taxes.

Pursuant to Minn.R.Civ.App.P. 116.01, the City of Springfield seeks review of this decision.

We are presented with the following issues:

(1) Whether the real estate comprising the medical clinic owned and operated by the City of Springfield is exempt from taxation as public property used exclusively for a public purpose under Minn.Stat. § 272.02, subd. 1(7) (1984), and Minn. Const. art. X, § 1.

(2) Whether the real estate comprising the medical clinic owned and operated by the City of Springfield is exempt from taxation as a "public hospital" under Minn. Stat. § 272.02, subd. 1(3), and Minn. Const. art. X, § 1.

1. The Minnesota Constitution provides: The power of taxation shall never be surrendered, suspended or contracted away. Taxes shall be uniform upon the same class of subjects and shall be levied and collected for public purposes, but public burying grounds, public school houses, public hospitals, academies, colleges, universities, all seminaries of learning, all churches, church property, houses of worship, institutions of purely public charity, and public property used exclusively for any public purpose, shall be exempt from taxation except as provided in this section.

Minn. Const. art. X, § 1. In accordance with this constitutional mandate the legislature enacted in 1878 a provision exempting public property that is used exclusively for a public purpose. Act of March 11, 1878, ch. 1, § 5, 1878 Minn.Gen.Laws 19. The current provision exempts from taxation "[a]ll public property exclusively used for any public purpose." Minn.Stat. § 272.02, subd. 1(7) (1984).

The City of Springfield contends that the municipal clinic is exempt from real property taxation under these constitutional and statutory provisions. It maintains that in construing the constitutional and statutory language a court must focus on the primary purpose for which the property is held rather than the incidental private gain that may be realized from the use of the property. Relying on a quotation from our opinion in *Anoka County v. City of St. Paul*, 194 Minn. 554, 261 N.W. 588 (1935), the City of Springfield argues that the operation of a medical clinic by a municipality is a public purpose because "the entire citizenry benefits thereby and the health and welfare of the community makes such action expedient or necessary." *Id.* at 559, 261 N.W. at 590.

The Commissioner of Revenue contends that in fact the property is not being used by the city for a public purpose, but instead is being made available to private physicians for use by them in their practice of medicine, an activity conducted for profit. As does the City of Springfield, the Commissioner relies on *Anoka County*, contending that that case stands for the principle that the primary use, not the primary purpose, of the property in question is the determinative fact in tax exemption cases.

In *Anoka County*, the City of St. Paul owned land which it used as part of its waterworks system. A portion of the land that was not used for the city's waterworks was leased to local farmers. Anoka County brought suit to compel the city to pay real estate taxes on all of the property. The city contended that the property was tax exempt as "public property used exclusively for a public purpose." In holding that the portion used for the city waterworks system was totally exempt, but that the parcels leased to the farmers were fully taxable, we recognized that the definition of "public purpose" in the tax-exemption language of the state constitution and statute must be flexible. We also reiterated, however, that in order for property to be tax exempt it must be *used* exclusively for that public purpose. Thus, even if the City of Springfield's purpose in operating the clinic is a public one, the property must, under the constitutional and statutory provisions, be used exclusively for that purpose.

In ruling that the clinic was subject to taxation, the tax court noted that the pur-

pose of the purchase and operation of the clinic was a public one. Certainly, assuring that adequate medical care is made available to the community is a public purpose under *Anoka County*. The tax court, however, ruled that, despite the fact that the purpose of the clinic was a public one, the property was not being exclusively used for a public purpose. It stated:

It is true that the clinic was purchased by the City of Springfield for the public purpose of seeing that the city was provided with medical doctors. It may seem like a fine line of distinction, but we think it is clear that the use being made of the medical services to patients on a fee basis, which is similar to the fee basis of other doctors, cannot be considered a public purpose within the meaning of the statute.

 The factual setting involved herein presents an extremely close case. We must, however, adhere to the proper standard of review. In *Red Owl Stores v. Commissioner of Taxation*, 264 Minn. 1, 5, 117 N.W.2d 401, 405 (1962), we noted that we will not disturb a decision of the tax court if the evidence is such that the tax court could reasonably reach the conclusion it did. Here, sufficient evidence exists. Although the public may benefit from the operation of a municipal clinic, it cannot be ignored that the physicians are conducting their *private* medical practices in the facility. Their services are not rendered free of charge. The hospital board and the physicians practicing in the clinic annually set the fees for the services provided through the clinic and, under the agreement between the city and the doctors, the physicians receive 60 percent of their respective gross accounts receivable. In light of this

evidence, we cannot hold that the tax court's conclusion that the clinic was not being used exclusively for a public purpose was unreasonable.[1]

2. The City of Springfield contends that the clinic is exempt as a "public hospital" under section 272.02, subd. 1(3). The city admits that the clinic is not in itself a public hospital, but argues that the clinic falls within the category of real estate reasonably devoted to the accomplishment of the purposes for which the hospital was established. The clinic is essential for the hospital's continued existence, the city maintains, because the clinic serves to generate patients for the hospital. The city also points out that the clinic is operated and managed by the hospital as though it were an extension of the hospital.

In *State v. Fairview Hospital Association*, 262 Minn. 184, 114 N.W.2d 568 (1962), we considered whether the public hospital exemption included other property owned by a hospital. We applied the test that we established for the "school exemption" under the statute, noting: " 'All authorities agree that when an institution is exempted from taxation this includes all its property devoted to and reasonably necessary for the accomplishment of its purposes.' " 262 Minn. at 188, 114 N.W.2d at 571 (quoting *State v. Carleton College*, 154 Minn. 280, 286, 191 N.W. 400, 403 (1923)). We thus held that property owned by the hospital and used by students enrolled in the hospital's nursing program was tax exempt under the public hospital exemption in section 272.02.[2]

 The Springfield municipal clinic is not a "public hospital" under the *Fairview Hospital* test. Although the clinic does

---

1. In *Camping & Education Foundation v. State*, 282 Minn. 245, 250, 164 N.W.2d 369, 372 (1969), we stated that courts are to construe the provisions exempting property from taxation strictly, recognizing the presumption that all property is taxable. The tax court here properly followed this mandate.

2. In 1971, the legislature enacted a provision that provided: "Property owned or leased by, or loaned to, a hospital and used principally by

such hospital as a recreational or rest area for employees, administrators, or medical personnel shall not be included in the exemption provided in subdivision 1 [the public hospital exemption]." Act of June 4, 1971, ch. 790, § 1, 1971 Minn. Laws 1511 (codified at Minn.Stat. § 272.02, subd. 3 (1984)). This provision does not in any way affect the rule adopted in *Fairview Hospital*, although it was enacted to overrule the result in the case.

furnish patients to the Springfield Community Hospital, it is not the only clinic that does so, and thus should not be considered "reasonably necessary" for the hospital to "accomplish its purposes." Clinics serve a slightly different purpose in the health service industry than the purpose served by hospitals. Although in *Community Hospital Linen Services, Inc. v. Commissioner of Taxation*, 309 Minn. 447, 245 N.W.2d 190 (1976), we held that two nonprofit associations wholly owned and operated by hospitals to provide laundry services to member hospitals were exempt from taxation under the public hospital exemption, we determined that the associations were "merely arms or agencies of the member hospitals exclusively serving the hospitals in necessary and essential ways." *Id.* at 456, 245 N.W.2d at 195. This cannot be said of the municipal clinic in this case. We therefore affirm the tax court on this issue also.

Affirmed.

YETKA, WAHL and KELLEY, JJ., dissent.

YETKA, Justice (dissenting).

I would reverse the tax court. To a certain extent, it can be said that every hospital is used by practicing physicians who perform their duties. Some doctors may elect to have private offices separate and apart from the hospital. Here, the hospital decided to provide clinical facilities for doctors on the hospital premises in order to encourage them to stay in the small rural community. Bear in mind that these facilities are owned and operated by the hospital. The hospital arranges for all equipment and supplies and the billing of the patients. The problem this arrangement sought to solve is one common to many rural Minnesota communities. Springfield and other communities must entice and keep doctors in the remote sections of the state where they are needed. If the local taxing authorities, the local assessor and the local Board of County Commissioners are willing to find that the clinic is exempt from real estate taxes because they are part of a hospital facility, let them do it. Real estate taxes are largely levied and paid locally. Were we to uphold the tax court, it would take very little ingenuity, in my opinion, for the people of Springfield to circumvent the tax court's ruling. I would not force them to resort to other alternatives.

WAHL, Justice (dissenting).

I join the dissent of Justice Yetka.

KELLEY, Justice (dissenting).

I join the dissent of Justice Yetka.