ABBOTT–NORTHWESTERN
HOSPITAL, INC.
Respondent,

v.

COUNTY OF HENNEPIN, Relator.

No. CO–85–2334.

Supreme Court of Minnesota.

July 25, 1986.

Thomas L. Johnson, Hennepin Co. Atty., Mark Chapin, Asst. Co. Atty., Minneapolis, for relator.

Lawrence C. Brown, Lyle G. Ward, Minneapolis, for respondent.

KELLEY, Justice.

Hennepin County appeals from a decision of the Minnesota Tax Court holding that the Wasie Accommodation, a lodging facility owned by, operated by, and adjacent to Abbott-Northwestern Hospital, Inc., is exempt from real property taxation because it was devoted to and reasonably necessary for the accomplishment of hospital purposes. We affirm.

Abbott-Northwestern Hospital, Inc. is a Minnesota nonprofit corporation and a public hospital within the meaning of Minn. Const. art. X, § 1, and Minn.Stat. § 272.02, subd. 1(3) (1984) (granting public hospitals exemption from real estate taxation). The Wasie Accommodation is a six-story structure located at Abbott-Northwestern complex in Minneapolis. Other facilities at the complex include the Sister Kenny Institute, the Massie Moos Education Building, the Medical Office Building, and the Minneapolis Children's Medical Center. Occupants of the Wasie Accommodation can gain access to all facilities in the complex through covered walkways and tunnels.

The lodging facility contains 126 rooms, including 45 single rooms with private bathrooms, 30 double rooms with private baths, 31 double rooms without private baths, 10 single rooms without private baths, 6 rooms specially adapted for handicapped persons, and 3 executive suites. The average room rate charged in 1983, the year in question, was $28.83 per night. All rooms in the facility are wheelchair compatible. The Wasie Accommodation also contains lounge-kitchenettes on the third through sixth floors. Each lounge-kitchenette has a microwave oven, a refrigerator, kitchen cabinets, and a sink to enable guests at the facility to prepare meals for themselves. A lounge-lunchroom on the first floor contains vending machines, tables and chairs, and a play area for children.[1]

Occupancy in the lodging facility is restricted to four categories of individuals: (1) preadmission patients; (2) outpatients; (3) medical personnel attending medical seminars offered by the hospital at the

---

1. The Wasie Institute, one of the components of the Wasie Center Building, and its underlying land are tax exempt and not involved in this appeal. Moreover, the lower level of the lodging facility is leased to the Low Back Clinic, a privately operated clinic. The parties have stipulated that the lower level—comprising approximately 10 percent of the lodging building's area—is taxable and not at issue.

Moos Building; and (4) family members of patients. Preadmission patients stay at the facility the night preceding admission to the main hospital or Sister Kenny Institute. Outpatients include persons receiving low-back treatment, mental health treatment, chronic pain treatment, physical therapy, and occupants who have undergone complicated surgical procedures. Family members include relatives who accompany patients to the hospital and participate in the treatment and recovery of such patients. During 1983, the tax year in question, preadmission patients utilized the facility 1.3 percent, outpatients 17.8 percent, medical personnel 7.2 percent, and family members of patients 73.7 percent.

No direct patient care is provided at the lodging facility. No medical personnel make rounds at the facility. The facility has no medical staff of its own. With the exception of a crash cart and a wheelchair, there is no medical or diagnostic equipment in the facility. However, the center staff is given specialized training in recognizing trauma and stress. Also, if an emergency situation develops for a preadmission patient or an outpatient, who is staying at the center, the front desk staff is trained to contact the appropriate physicians and call the emergency team to the center. The emergency team can reach the patient's room in 2½ minutes.

The hospital's purpose in operating the Wasie Accommodation is to provide close, clean, cheap, comfortable, and controlled overnight accommodations for patients, medical personnel attending medical seminars, and family members of patients. The accommodation's major advantage over hospital rooms is cost containment. A room in the main hospital costs an average of $175 per day, while a room in the accommodation ranged from $20 to $35 in 1983. Cost containment has become increasingly important to health care providers as Medicare and private insurers have changed the nature of their payments to a flat fee, independent of actual costs, based upon the treatment or surgical procedure involved.

Another major advantage over alternative lodging facilities is accessibility to the medical center complex. While there are 10 hotels or motels within a 3-mile radius of the medical complex, none of these permit the quick accessibility the accommodation does. The lodging facility has eight distinctive features not ordinarily found at a hotel: (1) low-cost limited service rooms; (2) specifically designed rooms for the handicapped and handicap accessibility in all rooms; (3) coin-operated laundry to minimize costs of guests; (4) facilities to enable guests to prepare their own food; (5) doors locked at 11 p.m.; (6) late check-out (11 p.m.) to give maximum flexibility to coordinate with schedules in the medical facilities; (7) emergency service; and (8) indoor access to all medical facilities.

The tax court was presented with evidence supporting the hospital's policy of making the lodging facility open to family members of patients. It heard testimony from physicians on changing medical views concerning the role of the family members in patient treatment and recovery. Not infrequently, family members play a major role in many of the treatment programs at the hospital. The tax court also received testimony from family members of former patients in the hospital concerning the role of the facility in the recovery of the patient.

Hennepin County determined that the lodging facility was subject to real property taxation. The hospital filed a real estate tax petition, pursuant to Minn.Stat. § 278.-01, subd. 1 (1984), challenging that determination and seeking a refund of a part of its 1983 taxes payable in 1984. The tax court made extensive findings of fact. It ordered that the hospital was entitled to the refund on the Wasie Accommodation.

On appeal, Hennepin County contends the tax court erred in that determination because it departed from existing law, was inconsistent with the doctrine of strict construction, and that the Wasie Accommodation was unnecessary to the operation of the hospital.

No one contends the lodging facility is a public hospital so as to qualify for the constitutional or statutory taxation exemption. Minn. Const. art. X, § 1, and Minn. Stat. 272.02, subd. 1(3) (1984). However, it may, notwithstanding, be exempt from taxation under the public hospital exemption if it is owned by a public hospital *and* is used for the accomplishment of the purposes for which the hospital was organized. *See State v. United Church Homes, Inc.*, 292 Minn. 323, 330, 195 N.W.2d 411, 414–15 (1972), *Christian Business Men's Committee v. State*, 228 Minn. 549, 554, 38 N.W.2d 803, 808–09 (1949). The exemption is broad enough to include all property owned by a public hospital which is "devoted to and reasonably necessary for the accomplishment of its purposes." *City of Springfield v. Commissioner of Revenue*, 380 N.W.2d 802, 805 (Minn.1986) (quoting *State v. Fairview Hospital Association*, 262 Minn. 184, 188, 114 N.W.2d 568, 571 (1962)).

Without question Abbott-Northwestern, Inc. is a public hospital. It owns the facility. The only issue is whether the lodging facility is reasonably necessary for the accomplishment of the hospital's purposes.

When reviewing a decision of the tax court involving disputed fact issues, our review standard is whether the fact findings are "clearly erroneous." In this case there were disputed factual issues. Evidence was presented by the hospital which, if credited by the tax court, justified findings that the facility was reasonably necessary in this modern age for the accomplishment of its purpose of furnishing health care services to patients. It is true, as the county argues, that tax exemption provisions are to be strictly construed. Nevertheless, in evaluating "necessity," the word is to be given a "reasonable, natural, and practical interpretation in the light of modern conditions in order to effectuate the purpose for which the exemption is granted." *Community Hospital Linen Services, Inc. v. Commissioner of Taxation*, 309 Minn. 447, 452, 245 N.W.2d 190, 193 (1976)

(quoting *Christian Business Men's Committee*, 228 Minn. at 559, 38 N.W.2d at 811). *See also State v. Fairview Hospital Association*, 262 Minn. 184, 189, 114 N.W.2d 568, 572 (1962).

Based upon our examination of the record, we are unable to say that the tax court's findings of fact were clearly erroneous. Moreover, the conclusions of law based upon those facts comport with our previous cases that hold auxiliary properties reasonably necessary to facilitate the hospital—or church or school—and to accomplish its purposes are exempt from taxation. *See, e.g., St. John's Lutheran Church v. County of Hennepin*, 373 N.W.2d 281 (Minn.1985), *Victory Lutheran Church v. County of Hennepin*, 373 N.W.2d 279 (Minn.1985), *Ramsey County v. Macalester College*, 51 Minn. 437, 440–41, 53 N.W. 704, 705 (1892).

Accordingly, we affirm the tax court.